UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

Jackie L. Warner,                                          Case No. 09-07060
                                                                      Chapter 13
          Debtor.
                                                                      Hon. Scott W. Dales

_____/

**CHAPTER 13 PLAN**

1.     **General Provisions.**

     A.    **Plan Payment**.  Debtor will submit all or such portion of her future income to the Trustee's control as is necessary for the execution of the Plan.  The first plan payment of **$1,000** is due within 30 days of the bankruptcy filing, and Debtor will continue to pay $1,000 per month for the first 29 months of the plan.  Beginning in the 30th month of the plan, when Debtor's first 403(b) loan is repaid in full, Debtor will increase the plan payment to $1,078 per month for the next 19 months of the plan.  Beginning in the 49th month of the plan, when Debtor's second 403(b) loan is repaid in full, Debtor will increase the plan payment to $1,173 per month for the remainder of the plan.  The total amount of payments under the plan is **$63,558.**  Debtor will submit all disposable income directly to the control and supervision of the Trustee and will notify the Trustee immediately of any changes in employment until the Plan is completed.

     Debtor's attorney will prepare an initial Payroll Order directing her employer, Ferris State University, to deduct **$461.54** from Debtor's earnings on a **biweekly** basis and Debtor's employer shall remit this amount to the Trustee in a timely manner.

     B.    **Commitment Period.**  As determined under 11 U.S.C. § 1325(b)(4), the applicable commitment period of disposable income under this Plan is 60 months.  To satisfy all claims that must be paid through the Plan, Debtor will make the required monthly Plan payments for an Actual Commitment Period of **60 months**.

     C.    **Liquidation Test**.  The amount to be distributed on each allowed unsecured claim under the Plan is not less than the value as of the petition date of the amount that would have been paid on the claims if the Debtor's estate were liquidated under Chapter 7 of the Bankruptcy Code.

     D.    **Disposable Income and Tax Refunds**.  Since this Plan provides for payment of less than 100% to all allowed general unsecured creditors, Debtor will pay into the Plan all disposable income as defined in 11 U.S.C. § 1325(b)(3) for the term of the plan.  Debtor will begin making payments no later than 30 days after the order for relief.  "Disposable income" includes but is not limited to income-tax refunds, property-tax credits, gambling winnings,

inheritances, etc., received during the Commitment Period.  The Trustee may increase the percentage to unsecured creditors as a result of additional payments made under this provision.

  **E.** **Balloon Payment.**  Debtor will remit such additional sums as may be necessary to complete the payments required under the Plan within 60 months of Plan confirmation.  Such additional sums are not in lieu of or a substitute for regular Plan payments.

  **F.** **Vesting of Estate Property.**  When the Plan is confirmed, all property of the estate vests in the Debtor, except for Debtor's future earnings and any property specifically devoted to the Plan. Debtor is solely responsible for insuring her property.  The Chapter 13 Trustee will not insure the Debtor's property and is not liable for damage or loss to any property that remains in the Debtor's control.

  **G.** **Post-Petition Debt and Disposal of Property.**  Pursuant to 11 U.S.C. § 364, Debtor will not incur post-petition debts or dispose of non-exempt real or personal property with a value greater than $1,000 without first obtaining the Court's approval.

  **H.** **Unscheduled Creditors Filing Claims.**  If a creditor who is not listed in the schedules files a timely proof of claim, the Trustee may classify the claim into one of the classes under the Plan and repay the claim according to the class, unless the claim is disallowed.

  **I.** **Allowance of Late-Filed Claims.**  If a pre-petition creditor files a claim after the filing deadline because it did not receive notice of the bankruptcy filing, the Trustee may allow the claim as timely filed after a proper motion and hearing on the allowance of the claim.

  **J.** **Plan Refunds**.  The Trustee may assist the Debtor in performing under the Plan, including but not limited to granting a reasonable refund to Debtor from funds paid to the Trustee but not distributed to creditors, to meet emergency situations that may arise during the course of the Plan.  If Debtor wishes to request a refund, Debtor will file a Stipulation of Plan Refund setting forth the specific reasons why a refund is needed.

  **K.** **Tax Returns.**  All tax returns which have become due before the filing of this case have been filed.

**2.** **Treatment of Claims**

  **A.** **Priority Claims.**  Debtor will pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 U.S.C. § 507, as follows:

    **(1)** *Trustee's Fee.*  Debtor will pay the Trustee an administrative fee at the rate set forth from time to time by the U.S. Attorney General whenever the Trustee distributes funds to any party other than the Debtor.

    **(2)** *Debtor's Attorney Fees.*  Debtor has paid her Attorney a retainer fee of $191 prior to the filing of the case.  Debtor will pay the balance of her Attorney fees, totaling **$1,809,** plus any additional attorney fees as may be allowed, through

the Plan. Debtor's Attorney will be paid as an administrative expense after the Trustee's fee and designated monthly payments to secured creditors. The Trustee will apply all remaining available funds to the attorney-fee claim until it has been paid in full.

**(3)** *Other Priority Claims.* There are no domestic-support obligations, priority tax claims, or any other priority claims scheduled to be paid through the Plan.

B. **Secured Creditors.**

**(1)** *Secured Claim of Chemical Bank – Debtor's Principal Residence.* The Trustee shall pay the following secured claim in full, through the Plan, in equal monthly payments as set forth below:

| Creditor | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate |
|---|---|---|---|
| Chemical Bank West | $27,000 | $488.16 | 3.25% |

The scheduled payment includes the interest rate shown but does not include any escrowed amount for insurance and property taxes. Debtor will continue to pay insurance and lot rent outside the plan.

The Creditor shall retain its lien on the property securing its claim until payment in full of the underlying debt as determined under nonbankruptcy law. If Debtor's case is dismissed or converted without completion of the Plan, the Creditor shall retain its lien to the extent recognized by applicable nonbankruptcy law.

**(2)** *Secured Claim of Sentry Credit, Inc. – Paid with Unsecured Creditors.* Neither Debtor nor the Creditor has possession of any collateral securing the claim of Sentry Credit, Inc. Based on the absence of collateral securing the debt, the Trustee shall pay the claim of this Creditor on a pro-rata basis with other unsecured creditors.

**(3)** *No Payments After Relief from Stay.* If a Secured Creditor obtains relief from the automatic stay at any time before the Plan is completed, the Trustee will make no further payments to that Creditor after receiving the order for relief from the stay.

C. **Executory Contracts.** Debtor intends to assume the lease that she currently has on a 2006 Chevrolet Impala LT with Creditor GMAC. The lease has a balance of $1,009.09 as of the date of the bankruptcy filing and expires on September 15, 2009. Debtor will continue to make regularly scheduled lease payments of $336.43 per month outside of the plan. At the end of the lease term, Debtor will seek the Trustee's permission to obtain financing on a replacement vehicle.

The Creditor's proof of claim shall control as to the total balance due, the monthly payment amount, the amount of the arrears and the number of months remaining unless a party in interest files an objection to the claim.

**D.     Unsecured Creditors.**  The Trustee shall pay allowed unsecured claims on a pro-rata basis from any funds remaining in the Plan after payment of all secured and priority claims and executory contracts.  Debtor estimates that on completion of the Plan, allowed unsecured claims will have been paid at the rate of **60%**.  The percentage distributed to allowed unsecured creditors may be increased or decreased as appropriate due to the availability of funds in the Plan.  In no event will an allowed unsecured creditor receive less than the amount that would have been paid on the claim if the Debtor's estate were liquidated under Chapter 7 of the Bankruptcy Code.

**3.     Trustee's Avoiding and Recovery Powers**

The Trustee has certain avoiding and recovery powers under the Bankruptcy Code, which may be exercised before or after confirmation of the Plan.  These powers are preserved for the benefit of the estate, and the Trustee may bring such an action within the time allowed under §§ 546 or 550, respectively.

Dated:     June 26, 2009            /s/ Jackie L. Warner
                                     Jackie L. Warner, Debtor